By the Court.—Sedgwick, J.
The plaintiff clearly could not recover upon any contract testified to in the case, excepting that one which the plaintiff stated in his testimony. He swore that the money was to be paid by defendant out of funds due to Hayward, when the goods arrived in St. Paul, and when Hayward had notified him of their arrival. If such was the con *43 tract, even if its terms were not reasonable, the defendant’s liability arose only from it. In fact, if the debt was to be paid out of Hayward’s money, it was a reasonable and probable provision in favor of Hayward that the defendants should pay only after it was certain that Hayward had received the mantels. The notice by Hayward, perhaps, might be dispensed with, he having died before he could send the notice. This, however, did not dispense with the obligation on plaintiff’s part to prove that the goods had in fact arrived in St. Paul’s. This was one of the conditions, on the happening of which the defendants were to pay out of Hayward’s funds. There was evidence that the goods were sent from the city of Hew York, but not that they arrived at St. Paul’s. There was no presumption against the defendants, that because they were sent by railroad or by steamer they reached the city of St. Paul’s.' For failure to prove this, the referee, in my opinion, should have granted the motion to dismiss the complaint.
It is unnecessary to go further, although I think that the promise of the defendant was evidence of an independent obligation on his own part and not simply a promise to answer for the debt of Hayward. In view of our conclusion, it would be of no practical importance to determine whether the referee had power to amend the complaint.
I am of opinion that the judgment should be reversed, a new trial ordered, the order of reference discharged, with costs to appellant, to abide the event.
Curtis, J., concurred.